FILED
02 MAR -6 PM 1: 17
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ENTERED
MAR - 6 2002

| | |
|---|---|
| LARRY GRANT, | ) |
| Plaintiff, | ) |
| vs. | ) CV 01-H-2309-S |
| CITY OF BIRMINGHAM POLICE OFFICER PAUL IRWIN, | ) |
| Defendants. | ) |

### MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on January 23, 2002, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b). The plaintiff filed objections to the report and recommendation on February 4, 2002. Plaintiff complains that the magistrate judge erred in recommending that his case be dismissed as frivolous prior to issuing a summons since he was granted leave to proceed *in forma pauperis*. Plaintiff is relying on cases decided prior to the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321. Since the enactment of the PLRA, the court is required to screen all complaints filed by prisoners and dismiss those found to be frivolous, malicious, or failing to state a claim upon which relief can be granted.

Plaintiff also claims that the magistrate judge erred in dismissing his claim as frivolous. Plaintiff claims that his complaint is not without merit since he can show that he was shot by the defendant and required hospitalization. Plaintiff's claim was dismissed because it was not filed



within the period of time allowed for filing such claims. It was apparent to the magistrate judge that plaintiff's claim is barred by the statute of limitations.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

DATED this 6th day of MARCH, 2002.

JAMES H. HANCOCK
SENIOR UNITED STATES DISTRICT JUDGE

United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Thomas K. Kahn
Clerk

In Replying Give Number
Of Case and Names of Parties

# NOTICE TO PRISONERS CONCERNING CIVIL APPEALS

---

The Prison Litigation Reform Act of 1995 (effective April 26, 1996) now **REQUIRES** that all prisoners pay the Court's $100 docket fee plus $5 filing fee (for a total of $105) when appealing any civil judgment.

If you wish to appeal in a civil case that Act now **requires** that upon filing a notice of appeal you *either*:

(1)  Pay the total $105 fee to the clerk of the district court from which this case arose; *or*

(2)  arrange to have a prison official certify to the district court from which the appeal arose the average monthly deposits and balances in your prison account for each of the six months preceding the filing of a notice of appeal.

If you proceed with option (2) above, the Act requires that the district court order you to pay an *initial partial fee* of at least 20% of the **greater** of either the average monthly deposits or of the average monthly balances shown in your prison account. The remainder of the total $105 fee will thereafter be deducted from your prison account each month that your account balance exceeds $10. Each such monthly deduction shall equal 20% of all deposits to your prison account during the previous month, until the total $105 fee is paid. (If your prison account statement shows that you cannot pay even the required *initial partial fee*, your appeal may nevertheless proceed, BUT THE TOTAL $105 FEE WILL BE ASSESSED AGAINST AND WILL BE DEDUCTED FROM FUTURE DEPOSITS TO YOUR PRISON ACCOUNT.)

Fees are not refundable, regardless of outcome, and deductions from your prison account will continue until the total $105 fee is collected, even if an appeal is unsuccessful.

THOMAS K. KAHN
Clerk

PLRA Notice